UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID Y. BOGDANOV,<br><br>                Petitioner,<br>     v.<br><br>JEFFEREY PERKINS,<br><br>                Respondent. | Case No. 3:24-cv-05999-JNW-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for   May 15, 2025 |

       Petitioner David Y. Bogdanov, unrepresented by counsel, initiated this action on December 5, 2025, by filing a proposed federal habeas petition. Dkt. 1. On December 6, 2024, the Clerk of Court issued a "notice of filing deficiency" to petitioner stating that by January 6, 2025, petitioner must either pay the $5.00 filing fee or submit an "Application for In Forma Pauperis" ("IFP"). Dkt. 2. The notice stated that the failure to correct the deficiencies "may affect the status of your case, including dismissal of the action by the Court." *Id.*

       On January 10, 2025, petitioner submitted an IFP application but failed to include a copy of his prison trust account statement. Dkt. 3. On January 10, 2025, the Clerk of Court issued a second "notice of filing deficiency" directing petitioner to submit a certified copy of his prison trust account statement showing transactions for the last six months by February 10, 2025. Dkt. 4. The notice again informed petitioner that the failure to correct the deficiencies "may affect the status of your case, including dismissal of the action by the Court." *Id.*

REPORT AND RECOMMENDATION - 1

The deadline for petitioner to cure his filing deficiency passed and the Court had not received a certified copy of petitioner's prison trust account statement or a filing-fee payment from him.

Accordingly, on March 13, 2025, the Court issued an order stating that by **April 12, 2025**, petitioner must either:

1. File a certified copy of his prison trust account statement showing transactions for the last six months; or
2. Pay the $5.00 filing fee.

Dkt. 5. The order further stated that if petitioner failed to complete one of the above requirements by the stated deadline, the Court would recommend this action be dismissed for failure to properly prosecute and for failure to comply with a court order. *Id.*

The deadline for petitioner to respond to the Court's order has passed and petitioner has failed to pay the filing fee, file a certified copy of his prison trust account statement, or otherwise respond.

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

REPORT AND RECOMMENDATION - 2

In determining whether plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first and second factors favor dismissal of the case. The third factor arguably also weighs in favor of dismissal because the respondent has not been served in this case and thus has not performed any work on the case; respondent would suffer little prejudice by the dismissal of the action. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Here, petitioner has been given two opportunities to cure the deficiencies in his IFP – one by the Clerk and one directly by the Court. Plaintiff has not responded to the Court's most recent order. The Court finds that dismissal without prejudice is the least drastic sanction available.

Accordingly, the Court recommends that the action should be dismissed without prejudice for failure to prosecute and for failure to comply with a court order.

REPORT AND RECOMMENDATION - 3

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the action without prejudice for failure to prosecute and for failure to comply with a court order. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **May 15, 2025**, as noted in the caption.

Dated this 30th day of April, 2025.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4